**Award
FINRA Office of Dispute Resolution**

In the Matter of the Arbitration Between:

<u>Claimant</u>
Joseph David Schofield III

<u>Case Number</u>: 18-03041

vs.

<u>Respondent</u>
Raymond James Financial Services, Inc.

<u>Hearing Site</u>: Columbia, South Carolina

Nature of the Dispute: Associated Person vs. Member

### REPRESENTATION OF PARTIES

For Claimant Joseph David Schofield III ("Claimant"): Jennifer A. Lesny Fleming, Esq., Matasar Jacobs LLC, Cleveland, Ohio.

For Respondent Raymond James Financial Services, Inc. ("Respondent"): Brandy Pikus, Esq., Raymond James Financial, St. Petersburg, Florida.

### CASE INFORMATION

Statement of Claim filed on or about: August 28, 2018.
Claimant signed the Submission Agreement: August 27, 2018.

Statement of Answer filed by Respondent on or about: September 18, 2018.
Respondent signed the Submission Agreement: September 19, 2018.

### CASE SUMMARY

Claimant asserted a claim seeking expungement of a customer complaint, occurrence number 1797400, ("Underlying Complaint") from his Central Registration Depository ("CRD") records. The Underlying Complaint was made by the daughter ("Ms. C") of a deceased customer ("Customer") regarding her mother's account with Respondent.

In the Statement of Answer, Respondent advised that it does not oppose Claimant's request for expungement.

### RELIEF REQUESTED

In the Statement of Claim, Claimant requested:
1. Expungement of all references to the Underlying Complaint from Claimant's

FINRA Office of Dispute Resolution
Arbitration No. 18-03041
<u>Award Page 2 of 5</u>

    registration records maintained by the CRD on the grounds that Claimant was not involved in the alleged investment-related sales practice violation, forgery, or other wrongful conduct, specifically, that the Customer was not even a client of Claimant, Claimant never serviced the Customer and that the Customer was serviced by another registered representative of Respondent other than Claimant;

2. Expungement of the "Yes" answer to Question 7(E)(3)(a) on the Form U5 and an order that it be amended to read "No";
3. An order that all information and entries set forth on the Customer Complaint/Arbitration/Civil Litigation Disclosure Reporting page regarding Question 7(E)(3)(a) of the Form U5 be deleted in their entirety;
4. Nominal damages in the amount of $100.00; and
5. Any further relief that the Arbitrator determines is just and equitable under the circumstances of this case.

In the Statement of Answer, Respondent did not set forth a specific relief request.

## **OTHER ISSUES CONSIDERED AND DECIDED**

The Arbitrator acknowledges that he has read the pleadings and other materials filed by the parties.

On April 30, 2019, Claimant submitted an affidavit, signed by Claimant's counsel, advising that Ms. C had been served with a copy of the Statement of Claim and notice of the expungement hearing, including her right to participate in the proceedings by letter dated March 6, 2019.

The Arbitrator conducted a recorded telephonic hearing on May 8, 2019 so the parties could present oral argument and evidence on Claimant's request for expungement.

Respondent did not participate in the expungement hearing and, as stated in the Statement of Answer, did not contest the request for expungement. The Arbitrator found that Ms. C had notice of the expungement hearing and request but did not participate.

The Arbitrator reviewed the BrokerCheck® Report for Claimant.

The Arbitrator noted that the Underlying Complaint was denied and therefore there were no settlement documents to review.

The Arbitrator noted that Claimant did not previously file a claim requesting expungement of the same disclosure in the CRD.

In recommending expungement, the Arbitrator relied upon the following documentary or other evidence: Statement of Claim, Statement of Answer, Ms. C's June 10, 2015 email (complaint); Letter of Authorization dated October 9, 2002; Ms. C's June 29, 2015 emails to a Compliance Specialist with Respondent; Respondent's June 26, 2015 letter to the U.S. Securities & Exchange Commission and letter to Ms. C of the same date; Respondent's July 20, 2015 letter to Ms. C; Respondent's February 21, 2019 Response

FINRA Office of Dispute Resolution
Arbitration No. 18-03041
<u>Award Page 3 of 5</u>

to Claimant's Request for Information; Claimant's 2019 BrokerCheck® Report; the April 30 affidavit and March 6 letter to Ms. C regarding service; and Claimant's testimony.

The parties present at the hearing have agreed that a handwritten, signed Award may be entered.

## **AWARD**

After considering the pleadings, the testimony and evidence presented at the hearing, the Arbitrator has decided in full and final resolution of the issues submitted for determination as follows:

1. Claimant's request for $100.00 in damages is denied.

2. The Arbitrator recommends the expungement of all references to occurrence number 1797400 from registration records maintained by the CRD, for Claimant Joseph David Schofield III (CRD# 2496116), with the understanding that, pursuant to Notice to Members 04-16, Claimant Joseph David Schofield III must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive.

   Unless specifically waived in writing by FINRA, parties seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with all appropriate documents.

   Pursuant to Rule 13805 of the Code of Arbitration Procedure ("Code"), the Arbitrator has made the following Rule 2080 affirmative findings of fact:

   The registered person was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation, or conversion of funds.

   The claim, allegation, or information is false.

   The Arbitrator has made the above Rule 2080 findings based on the following reasons:

   In Respondent's response to the requests for information, Respondent stated that another financial advisor, Mr. W, was responsible for servicing the Customer's account during the time at issue in the Underlying Complaint. Ms. C's allegations were vague, unsupported, and not credible. Respondent's emails to Ms. C are credible as the Customer would have inquired and complained timely if the account activity was unauthorized in 2002. Claimant's testimony was credible and his counsel's arguments were persuasive.

3. Any and all claims for relief not specifically addressed herein are denied.

FINRA Office of Dispute Resolution
Arbitration No.  18-03041
<u>Award Page 4 of 5</u>

## **FEES**

Pursuant to the Code, the following fees are assessed:

### **Filing Fees**
FINRA Office of Dispute Resolution assessed a filing fee* for each claim:

    Initial Claim Filing Fee                                       =$ 50.00

*The filing fee is made up of a non-refundable and a refundable portion.*

### **Member Fees**
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, as a party, Respondent is assessed the following:

    Member Surcharge                                           =$ 150.00

### **Hearing Session Fees and Assessments**
The Arbitrator has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the arbitrator(s), including a pre-hearing conference with the arbitrator(s), that lasts four (4) hours or less. Fees associated with these proceedings are:

One (1) pre-hearing session with a single arbitrator @ $50.00/session    =$50.00
Pre-hearing conference:    December 17, 2018        1 session

One (1) hearing session on expungement request @ $50.00/session    =$50.00
Hearing Date:              May 8, 2019              1 session
_____
Total Hearing Session Fees                                         =$100.00

The Arbitrator has assessed $100.00 of the hearing session fees to Claimant.

All balances are payable to FINRA Office of Dispute Resolution and are due upon receipt.

## ARBITRATOR

Maurice M. Feller  -  Sole Public Arbitrator

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument which is my award.

**Arbitrator's Signature**

_____
Maurice M. Feller
Sole Public Arbitrator

6-12-19
Signature Date

June 13, 2019
Date of Service (For FINRA Office of Dispute Resolution office use only)